UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCO STRICKLAND,

    Petitioner,

vs.

                         Civil No. 10-cv-13346
                         Criminal No. 05-cr-80746
                         Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S
§2255 MOTION TO VACATE CONVICTION AND SENTENCE**

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on         November 22, 2011

        PRESENT: Honorable Gerald E. Rosen
                        Chief Judge, United States District Judge

## I. INTRODUCTION

This matter is presently before the Court on Petitioner Marco Strickland's §2255 Motion to Vacate Conviction and Sentence. The Government has responded to Petitioner Strickland's Motion and Petitioner has replied. Having reviewed and considered Petitioner's brief, the Government's response, Petitioner's "Traverse," and having reviewed the entire record of this matter, the Court finds that a hearing is unnecessary. Therefore, in accordance with Rule 8 of the Rules Governing Section 2255 Proceedings and Local Rule 7.1(f)(1) and (2), Petitioner's motion is decided "on the briefs".

1

## II. BACKGROUND

Petitioner Marco Strickland was indicted by a federal grand jury on the charge of Conspiracy to Possess with Intent to Distribute a Controlled Substance, to wit, 5 kilograms of cocaine, in violation of 21 USC §§ 846 and 841(a)(1). He was subsequently convicted of that charge on December 5, 2006 following a five-day jury trial. On October 10, 2007, Strickland was sentenced to a period of mandatory life without release.

Strickland subsequently appealed his conviction to the Sixth Circuit Court of Appeals arguing in a brief filed by Counsel on December 24, 2008, that: (1) the Government violated his due process rights because law enforcement agents engaged in outrageous conduct when they orchestrated a "reverse sting" operation in such a way that the offense would trigger the mandatory sentence of life imprisonment; (2) the trial court abused its discretion in granting an ends-of-justice continuance of the trial date, resulting in a violation of his right to a speedy trial; and (3) the Government failed to prove he took a substantial step towards to commission of the attempt charge. On April 7, 2009, after Strickland's appellate counsel filed Petitioner's opening brief, the Court of Appeals issued an Order granting counsel's motion to withdraw. Strickland then proceeded with his appeal *pro se*. While the appellate court denied his motion to file a supplemental brief in an Order dated April 14, 2009, it appears from the Opinion ultimately issued by the court that due consideration was given to the issues Strickland raised without counsel in his "Motion for Court to Include for Consideration," filed on February 13, 2009. The Sixth Circuit considered Strickland's *pro se* issues *and* those issues briefed by former counsel, rejected all of Strickland's claims, and affirmed this Court's Judgment on August 12, 2009. *See United States v. Strickland*, 342 Fed. Appx. 103 (6th Cir. 2009).

Strickland thereafter filed the instant §2255 Motion *pro se* and argues the following twelve issues which have been reproduced verbatim from his motion:

1. The Petitioner was denied effective assistance of counsel in violation of the 6th Amendment.

2. The Petitioner was denied effective assistance of Appellate Counsel in violation of the 6th Amendment.

3. The Court erred to the substantial prejudice of the Petitioner when it misread the applicable law to the jury thereby misleading the jury into believing they had to convict.

4. The Court erred to the substantial prejudice of the Petitioner when it expanded the charges against him without resubmitting the indictment to the Grand Jury for amendment.

5. The Petitioner was effectively denied his constitutional right to appeal where the Court allowed Counsel to withdraw [and] granted his request to proceed Pro Se, [and where] the Clerk issued an order stating that he could not file his Brief and the Court proceeded to rule on the Brief filed by Counsel that had been given leave to withdraw; thereby denying him his appeal as a matter of right.

6. The Petitioner was denied due process of law and equal protection of the law when the Court allowed the government to rely on two (alleged) prior convictions which in fact were not even eligible to be used to support a 924(c)(2) enhancement, and Counsel was grossly ineffective for failing to object to the inapplicable priors as cited in *U.S. v. Palacious-Suarez*, 418 F.3d 692 (6th Cir. 2005).

7. The Petitioner was denied his right to forego his right to a public trial and choose a bench trial even though he made at least three requests for a bench trial.

8. The Court erred to the substantial prejudice of the Petitioner when it stated from the bench, "Mr. Strickland, I'm concerned by your letters and what you're talking about today, you're trying to set up a defense of ineffective assistance of counsel, and I think it's unfair to Mr. Schulman, and unfair to yourself as well...["] yet declined to allow Counsel to withdraw until after the conclusion of the trial.

9. The Petitioner was denied due process of law and equal protection of the Law when a Magistrate Judge stated that the indictment was defective, inappropriate, and uncorrectable per *Aguilar v. Texas*, 378 US 108, 111, 84 S.Ct. 1509, 12 L.Ed.2d 723, and the United States Attorney agreed stating the indictment needed to go back to the

Grand Jury, yet the Petitioner was merely taken to a different courtroom and proceeded against using the faulty indictment.

10. The USSG §2D1.1-note 12 makes it incumbent upon the Court to "exclude" from the offense level determination the the amount of controlled substance that the defendant establishes that the defendant did not intend to provide or purchase or was not reasonably capable of providing or purchasing.

11. Either the Petitioner was denied a fair trial or Counsel was grossly ineffective for failing to produce for trial "Dexter" who was allegedly the Petitioner's cousin and allegedly introduced him to the agents that formulated the charges.

12. The Court committed reversible error by not properly instructing the jury on the burden of proving predisposition.

### III. DISCUSSION

A. PETITIONER'S CLAIMS IN ISSUES 4, 5, 9 AND 10 WERE ALREADY LITIGATED BOTH IN THIS COURT AND IN THE COURT OF APPEALS

1. CLAIMS REGARDING PETITONER'S INDICTMENT (4 AND 9)

Petitioner's argument that his indictment was invalid has been raised and addressed multiple times in the proceedings against him. Both this Court and the appellate court have rejected his claims as being without merit.

It is well settled that a §2255 motion may not be used to relitigate issues that were addressed on appeal unless highly exceptional circumstances are present. *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996); *Stephan v. United States*, 496 F.2d 527, 528-29 (6th Cir. 1974), *cert. denied*, 423 US 861 (1975) (rejecting a defendant's attempt to relitigate issues in a habeas action that had already be litigated on direct appeal). This is the law of virtually every circuit in the United States. *See e.g., Cabrera v. United States*, 972 F.2d 23, 25 (2nd Cir 1992) ("[S]ection 2255 may not be employed to relitigate questions which were raised and considered on direct appeal."); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992) (issues raised on

direct appeal cannot be relitigated in a habeas petition absent a change in circumstances); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir. 1992) (claims decided on direct appeal may not be relitigated in a §2255 motion); *Walter v. United States*, 969 F.2d 814, 816 (9thCir. 1992) ("[W]hen a federal prisoner presents a claim in a §2255 petition that he has presented previously, the federal court retains the discretion to refuse to consider the claim on the basis that the prisoner is abusing the writ."). In this case, there has been no change of circumstances or any intervening change in the law. Therefore, Petitioner cannot relitigate these issues in this §2255 action.

    2. CLAIM REGARDING PETITONER'S PRO SE APPEAL (5)

Issue number five –Strickland's argument regarding his claimed inability to raise his pro se issues on appeal – was raised in the Sixth Circuit in his motion to recall the mandate and in his motion for reconsideration of the appellate court's denial of his motion to recall the mandate. There has been no change of circumstances or any intervening change in the law to allow Strickland to relitigate this issue. Therefore, for the reasons stated above, Petitioner cannot address this issue in this §2255 action and his claim # 5, therefore, is denied.

    3. CLAIM REGARDING SENTENCING (10)

Issue number ten attacks the amount of drugs used to calculate Petitioner's sentence. Strickland raised sentencing entrapment as his first and most lengthy issue in his direct appeal. This issue directly challenged the amount of drugs used to calculate his sentence. His argument was rejected and his conviction was affirmed by the Sixth Circuit. There has been no change of circumstances or any intervening change in the law since Strickland litigated this issue.

Therefore, for the reasons stated above, Petitioner cannot relitigate these issues in a §2255 action and his claim is denied.

    B.  <u>PETITIONER'S CLAIMS IN ISSUES 3, 6, 7, 8, 11, AND 12 WERE NOT RAISED IN HIS DIRECT APPEAL</u>

A §2255 motion is not a substitute for a direct appeal. *Warner v. Zent*, 997 F.2d 116, 131(6th Cir. 1993). As such, claims that were not raised on direct appeal cannot be raised on collateral review, as a general rule. *Massaro v. United States*, 538 US 500, 503; 123 S.Ct. 1690, 1693 (2003). If an issue could have been raised on direct appeal and it was not raised, that failure constitutes a procedural default and precludes review under §2255 unless the petitioner can meet a two-pronged test. *Bousley v. United States*, 523 US 614, 622; 118 S.Ct. 1604 (1998). First, the petitioner must demonstrate "cause" for the procedural default. *Id.* Second, the petitioner must demonstrate actual "prejudice" that flows from the default. *Id*. Alternatively, petitioner can assert that he is "actually innocent." *Id*. The American justice system sets the "hurdle" a petitioner faces in excusing his procedural default quite high out of a deeply rooted respect for the finality of judgments. *Peveler v. United States*, 269 F.3d 693, 700 (6th Cir. 2001).

Strickland does not make any plausible "cause and prejudice" argument or actual innocence showing in his briefs to support any of the issues numbered 3, 6, 7, 8, 11, and 12. The Sixth Circuit decided his direct appeal on both the three-issue brief submitted by counsel *and* petitioner's pro se memorandum which raised several other issues. All were found to be without merit. Therefore, to the extent that he makes claims of error in these issues which were never raised, his claim is denied.

C.  PETITIONER WAS AFFORDED EFFECTIVE ASSISTANCE OF COUNSEL (ISSUES 1 AND 2)

1. TRIAL COUNSEL

Ineffectiveness of counsel is the one exception to the general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *See Massaro v. United States, supra.*

To show that Petitioner was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth the two-pronged test for determining whether a petitioner has received ineffective assistance of counsel. First, the petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id*.

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id*. at 690. A reviewing court's scrutiny of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997), *cert. denied*, 523 U.S. 1088 (1998). The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181

F.3d 747, 754 (6th Cir.1999).

As to the second prong, when reviewing prejudice, a court must consider all of the evidence before the finders of fact and determine "whether there is a reasonable probability that, absent errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland,* 466 U.S. at 695.

Strickland claims his trial counsel was ineffective because he

(1) failed to object to the sufficiency of the indictment based on grand jury testimony mistakenly referring to Strickland as a "white male" (Petitioner's Brief at 9-10);

(2) failed to demand a bench trial, *id.* at 12;

(3) failed to object to the testimony of an undercover narcotics officer who posed as a drug supplier and met with Strickland in Atlanta, *id*. at 19-20, 23;

(4) failed to object to the admissibility of audio tapes containing Strickland's conversations with undercover officers, *id*. at 22;

(5) failed to object to the testimony of the government's confidential informant, *id.* at 23-28);

(6) failed to argue that the facts were inconsistent with Strickland being a drug dealer, *id.* at 33-35);

(7) failed to cross-examine one of the officers about grand jury testimony mistakenly referring to Strickland as a "white male," *id.* at 36;

(8) failed to cross-examine one of the officers about his failure to videotape the final drug transaction, *id.* at 37-39; and

(9) failed to object to testimony about Strickland's prior convictions , *id.* at 41.

As an initial matter, Petitioner's counsel could not have been ineffective for failing to pursue claims that are legally unsound. For example, as to Strickland's first ineffective assistance claim, the Sixth Circuit has already determined that the indictment stated a cognizable offense, *see Strickland*, 342 Fed. Appx. At 106. As for the failure to demand a bench trial, there

8

is no constitutional right to a bench trial. *Singer v. United States*, 380 U.S. 24, 34 (1965), and, therefore, Strickland's trial counsel correctly refrained from arguing the contrary.

As for counsel's failure to cross-examine witnesses, it is well-settled that "[d]ecisions about whether to engage in cross-examination, and if so to what extent and in what manner, are strategic in nature and generally will not support an ineffective assistance claim." *Dunham v. Travis*, 313 F.3d 724, 732 (2nd Cir .2002) (inner quotation omitted). *See also United States v. Steele*, 727 F.2d 580, 591 (6th Cir.1984) (holding that cross-examination falls "within the area of trial tactics and strategy that should not be subjected to second guessing and hindsight" by the court)); *Davie v. Mitchell*, 291 F. Supp. 2d 573, 604 (N.D. Ohio 2003) (holding same). Similarly, the decision about whether and when to object to testimony or evidence can be a tactical one. *See Lundgren v. Mitchell*, 440 F.3d 754, 774 (6th Cir. 2006). Therefore, the mere failure to object to evidence does not render counsel ineffective. *Lockett v. Arn*, 740 F.2d 497, 412 (6th Cir. 1984).

As the Sixth Circuit explained in *Lundgren*:

[I]n a trial of any size, numerous potentially objectionable events occur. "[T]he Constitution does not insure that defense counsel will recognize and raise every conceivable constitutional claim." *Engle v. Isaac*, 456 U.S. 107, 134, 102 S.Ct. 1558 (1982). Moreover, experienced trial counsel learn that objections to each potentially objectionable event could actually act to their party's detriment. Learned counsel therefore use objections in a tactical manner. In light of this, any single failure to object usually cannot be said to have been error unless the evidence sought is so prejudicial to a client that failure to object essentially defaults the case to the state.

*Lundgren, supra.*

In sum, Strickland has failed to identify any acts or omissions by his trial counsel which rise to the level of "outside the wide range of professionally competent assistance." *Id*. at 690. Furthermore, given the weight of the evidence against him, the errors that Strickland argues in no

9

way prejudiced his case. Applying the foregoing standards, the Court finds insufficient support for Strickland's claim of ineffective assistance of his trial counsel. This claim is, therefore, denied.

2. APPELLATE COUNSEL

The *Strickland* two-prong test also forms the basis for evaluating Strickland's ineffective assistance of appellate counsel claim. *Roberts v. Carter*, 337 F.3d 609, 613-614 (6th Cir. 2003). In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermined the reliability of the defendant's convictions. *Strickland v. Washington*, 466 U.S. at 687; *McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000). However, a defendant has no constitutional right to have every non-frivolous issue raised on appeal, *see Jones v. Barnes*, 463 U.S. 745, 750-54 (1983); *McMeans*, 228 F.2d at 682, and tactical choices regarding issues raised on appeal are properly left to the sound professional judgment of counsel. *United States v. Perry*, 908 F.2d 56, 69 (6th Cir.), *cert. denied*, 498 U.S. 1002 (1990).

Furthermore, a defendant who chooses to represent himself cannot later complain that the management of his own defense amounted to a denial of effective assistance of counsel. *Faretta v. California*, 422 U.S. 806, 834-35 n. 46, 95 S.Ct. 2525, 2541 n. 46 (1975); *see also Hance v. Zant*, 696 F.2d 940, 950 (11th Cir.), *cert. denied*, 463 U.S. 1210 (1983); *Seaton v. Jabe*, 1993 WL 1291 at * 12 (6th Cir. 1993) ("As to his. . . appeals, petitioner proceeded *pro se*, and he cannot choose to represent himself and then claim ineffective assistance of counsel with respect to those appeals.") Strickland ultimately represented himself for the purposes of his appeal when the Sixth Circuit granted his appellate counsel's motion to withdraw on April 7, 2009. Hence, he

waived the right to claim ineffective assistance when he chose to go forward under his own representation. *Faretta, supra*.

For all of the foregoing reasons, Strickland's claims of ineffective assistance of appellate counsel is denied.

IV.  CERTIFICATE OF APPEALABILTY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2255 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).  To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's

conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

## IV. CONCLUSION

For all of the reasons set forth in this Opinion and Order, and the Court being otherwise fully advised in the premises, the Court will deny Petitioner's §2255 Motion to Vacate and Set Aside Judgment. Therefore,

IT IS HEREBY ORDERED that Petitioner Strickland's §2255 Motion to Vacate and Set Aside Judgment [**Dkt. #79**] is DENIED. Accordingly,

IT IS FURTHER ORDERED that this §2255 action is DISMISSED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

s/Gerald E. Rosen
Gerald E. Rosen
Chief Judge, United States District Court

Dated: November 22, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 22, 2011, by electronic mail and upon Marco Strickland, #32893-039, Federal Medical Center, P.O. Box 14500, Lexington, KY 40512-4500 by ordinary mail.

s/Ruth A.Gunther
Case Manager
(313) 234-5137